# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　Plaintiff,<br>v.<br>MYKALAI KONTALAI,<br>　　Defendant. | Case No. 2:20-cr-00109-CDS-DJA<br>**Order**<br>[Docket No. 51] |

Defendant first appeared before this Court on May 7, 2024, for his initial appearance and detention hearing. Docket No. 37. At Defendant's request, the detention hearing was continued to May 14, 2024. *Id*. On May 13, 2024, the parties filed a stipulation to continue the detention hearing, as defense counsel had been unable to meet with his client. Docket No. 40. The Court granted the motion and continued the detention hearing to May 20, 2024. Docket No. 42. On May 20, 2024, at the request of the parties, the Court again continued the detention hearing to May 28, 2024. Docket No. 48.

On May 27, 2024, at 5:23 p.m.,[1] Defendant filed an "emergency motion for leave of wheelchair and related relief." Docket No. 51. In the motion, without citing to any points or authorities, Defendant asks the court to order that Defendant is to use a wheelchair "on the premises of the U.S. District Court and elsewhere in connection with a hearing in this case on May 28, 2028 [sic], from 10 A.M. and in future occasions." *Id*. at 2.

"The filing of emergency motions is disfavored because of the numerous problems they create for the opposing party and the court resolving them." *Cardoza v. Bloomin' Brands, Inc.*, 141 F. Supp. 3d 1137, 1140 (D. Nev. 2015) (citing *In re Intermagnetics America, Inc.*, 101 B.R. 191, 193-194 (C.D. Cal. 1989)). Safeguards have evolved over many decades and are built into the Federal Rules and this Court's Local Rules. *Mission Power Eng'g Co. v. Continental Cas.*

---

[1] The Court takes judicial notice that May 27, 2024 was Memorial Day, a federal holiday, and that the Court was therefore closed.

1

*Co.*, 883 F. Supp. 488, 491 (C.D. Cal. 1995). A request to bypass the default procedures through the filing of an emergency motion impedes the adversarial process, disrupts the schedules of the Court and opposing counsel, and creates an opportunity for bad faith gamesmanship. *Cardoza*, 141 F. Supp. 3d at 1140-41. As a result, the Court allows motions to proceed on an emergency basis in only very limited circumstances. *See, e.g.*, Local Rule 7-4(b) ("Emergency motions should be rare").

In addition to various technical requirements, *see* Local Rule 7-4(a), parties seeking emergency relief must satisfy several substantive requirements. When a party files a motion on an emergency basis, it is within the sole discretion of the Court to determine whether any such matter is, in fact, an emergency. Local Rule 7-4(c). Generally speaking, an emergency motion is properly presented to the Court only when the movant has shown (1) that it will be irreparably prejudiced if the Court resolves the motion pursuant to the normal briefing schedule and (2) that the movant is without fault in creating the crisis that requires emergency relief or, at the very least, that the crisis occurred because of excusable neglect. *Cardoza*, 141 F. Supp. 3d at 1142 (citing *Mission Power*, 883 F. Supp. at 492). If there is no irreparable prejudice, sufficient justification for bypassing the default briefing schedule does not exist and the motion may be properly decided on a non-expedited basis. *Cardoza*, 141 F. Supp. 3d at 1142-43. If there is irreparable prejudice but the movant created the crisis, the Court may simply deny the relief sought. *Id*. at 1143. The relevant inquiry is not whether the opposing party was at fault with respect to the underlying dispute, but rather "[i]t is the creation of the crisis–the necessity for bypassing regular motion procedures–that requires explanation." *Mission Power*, 883 F. Supp. at 493. For example, when an attorney knows of the existence of a dispute and unreasonably delays in bringing that dispute to the Court's attention until the eleventh hour, the attorney has created the emergency situation and the request for relief may be denied outright. *See Cardoza*, 141 F. Supp. 3d at 1143 (collecting cases). Quite simply, emergency motions "are not intended to save the day for parties who have failed to present requests when they should have." *Intermagnetics America*, 101 B.R. at 193; *see also* Local Rule 7-4(b) ("[The] failure to effectively manage deadlines, discovery, trial, or any other aspect of litigation does not constitute an emergency").

Here, Defendant failed to comply with the requirements for filing an emergency motion which, in and of itself, would constitute reason for denial of the motion. In addition, however, Defendant failed to provide any points and authorities in support of his motion. "The failure of a moving party to include points and authorities in support of the motion constitutes a consent to denying the motion." LCR 47-3. Therefore, the Court could deny the motion on this basis, as well.

Despite all of these deficiencies, the Court has looked at the merits of the motion. The request in the motion is overly broad and covers areas outside this Court's jurisdiction. Further, the motion was filed in the evening of a court holiday the day before Defendant was set to be transferred – therefore, not only did the United States not have an opportunity to respond to the motion before Defendant was transferred to the Court, but the Court did not have time to rule on the motion prior to Defendant's transfer. Therefore, the motion is moot.

Accordingly, for all of the reasons stated above, Defendant's motion is **DENIED**. Docket No. 51.

IT IS SO ORDERED.

Dated: May 28, 2024.

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE