JASON V. FRIERSON
United States Attorney
Nevada Bar Number 7709
JESSICA OLIVA
Assistant United States Attorney
501 Las Vegas Blvd. South, Suite 1100
Las Vegas, Nevada 89101
Tel: 702-388-6336
jessica.oliva@usdoj.gov

GLENN S. LEON
Chief, Fraud Section
SARA HALLMARK
BRANDON BURKART
Trial Attorneys
Department of Justice
Fraud Section
1400 New York Avenue, NW
Washington, D.C. 20005
sara.hallmark2@usdoj.gov
brandon.burkart@usdoj.gov

*Attorneys for the United States*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:20-cr-00109-CDS-DJA |
| Plaintiff, | |
| v. | **Protective Order** |
| MYKALAI KONTILAI, | |
| aka MICHAEL CONTILE, | |
| Defendant. | |

Based on the Stipulation of counsel, and for good cause shown, it is hereby

ORDERED as follows:

1.      The parties' request for a Protective Order is GRANTED.

2.      An indictment was returned by the grand jury sitting in Las Vegas, in the District of Nevada, returned an 18-count indictment in Criminal Case No. 2:20-cr-00109-CDS-DJA, charging KONTILAI with financial- and tax-related violations.  The Indictment also seeks forfeiture of various assets.  KONTILAI denies these allegations.

3.      The discovery is voluminous in this case and involves thousands of pages of records, including those obtained from financial institutions. The discovery includes the personal identifying information and financial records of numerous third parties as well as the defendant (the "Protected Information"). Only the Protected Information is subject to this protective order.  The parties agree that the Protected Information includes (1) passport numbers and passports copies; (2) certificates of citizenship or naturalization; (3) Social Security card images and Social Security numbers; (4) driving license numbers and images of driver's licenses;  (5) images of any other government identification cards, issued by the Federal government, Federal Agencies, or any State or Foreign authorities to any person; (6) personal addresses; (7) personal telephone numbers; (8) dates of birth; (9) employer or taxpayer identification numbers; (10) the identification of account numbers on bank and financial statements and brokerage houses' statements except for the entries on the dates, numbers in dollars and entries of transactions; (11) credit card account numbers or associated information with any financial accounts; (12) check copies; (13) wire transfers records; (14) tax returns of individuals; (15) insurance policies; and (16) names of investors in Collector's Coffee Inc., except for the name of the defendant.  Additionally, names of any other individuals or entities associated in any way with this case are not Protected Information.

4.       The Government believes this order is necessary as the dissemination of Protected Information could endanger the privacy and financial information of the third parties, as well as the defendant.

5.       The Parties shall not be precluded from sending the Protected Information to any Federal or State Agencies, or Federal or State Branches of Government empowered under law with Federal or State investigatory powers.

6.       In order to protect the privacy of the third parties and the defendant, the parties intend to restrict access to the following individuals: the defendant, attorneys for the parties, and any personnel that the attorneys for all parties consider necessary to assist in performing those attorneys' duties in the prosecution or defense of this case, including investigators, paralegals, retained experts, support staff, and any other individuals specifically authorized by the Court (collectively, the "Covered Individuals").

7.       The Covered Individuals shall be advised of the Protective Order, and as such without leave of Court, the Covered Individuals shall not:

    a. make copies for, or allow copies of any kind to be made by any other person of the Protected Information in this case;

    b. allow any other person to read, listen, or otherwise review the Protected Information in this case;

    c. use the Protected Information for any other purpose other than preparing to defend against or prosecute the charges in the indictment or any further superseding indictment arising out of this case; or

    d. attach any Protected Information to any of the pleadings, briefs, or other court filings except to the extent those pleadings, briefs, or filings are filed under seal or properly compliant with LR IC 6-1 and Fed. R. Crim. P. 49.1.

8. Nothing in this stipulation is intended to restrict the parties' use or introduction of the Protected Information as evidence at trial or support in motion practice. Nothing in this stipulation is intended to bar or otherwise restrict counsel from rendering advice to his or her client with respect to the charges in the Indictment.

9. The parties shall inform any person to whom disclosure is made pursuant to this order of the existence and terms of this Court's order.

10. In the event of an inadvertent disclosure of the Protected Information, the party making or learning of the inadvertent disclosure will immediately:

    a. notify the person to whom the disclosure was made that it contains Protected Information subject to a Protective Order;

    b. make all reasonable efforts to preclude dissemination or use of the Protected Information by the person to whom disclosure was inadvertently made;

    c. notify the Government, the defendant, and other parties of the identity of the person to whom the disclosure was made, the circumstances surrounding the disclosure, and the steps taken to ensure against further dissemination or use of the information; and

    d. notify the Court in writing under seal.

IT IS SO ORDERED:

_____
HON. DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE

DATED: _____July 1, 2024_____

4