UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| United States of America, | Case No. 2:20-cr-00109-CDS-DJA |
| Plaintiff | **Order Reversing Magistrate Judge's Order Granting Motion to Withdraw and to Show Cause** |
| v. | |
| Mykalai Kontilai, | [ECF Nos. 98, 100] |
| Defendant | |

On October 30, 2024, George Lambert, defendant Mykalai Kontilai's attorney, filed a consent motion to withdraw as attorney in his case. ECF No. 98. On October 31, 2024, Magistrate Judge Daniel Albregts granted the motion to withdraw. ECF No. 100. However, unbeknownst to Judge Albregts, on October 25, 2024, my chambers received an email from the United States Marshals advising that they are investigating allegations that Lambert had smuggled contraband to Kontilai at the Nevada Southern Detention Center (NSDC) on more than one occasion. As a result, Lambert has been barred from entering NSDC until the investigation has been completed.[1] As I was out of the district at the time, I was unable to share the information about the allegations and investigation into Lambert with Judge Albregts before he granted Lambert's motion to withdraw. Accordingly, and to address Lambert's pro hac vice status, I am reversing Judge Albregt's order granting Lambert's motion to withdraw (ECF No. 100).

The court has the power to revoke pro hac vice status. *See* LR IA 11-2(f) ("The court may revoke the authority of the attorney permitted to appear under this rule."); *see also* LR IA 11-8(c) (providing that the Court may sanction an attorney who fails to comply with the Local Rules); *see also Lasar v. Ford Motor Co.*, 399 F.3d 1101, 1118 (9th Cir. 2005) (revoking "pro hac vice status

---

[1] Lambert was given permission to utilize telephone and video communications with his client.

falls within 'the scope of the inherent power of the federal courts.'") (citation omitted). Once an attorney's application for permission to appear pro hac vice has been granted, a court should not revoke that permission without giving counsel notice that the court is considering doing so. *Arkeyo, LLC v. Saggezza Inc.*, 2022 U.S. Dist. LEXIS 252947, at *3 (N.D. Ill. May 5, 2022). The timing of Lambert's motion to withdraw suggests he was attempting to withdraw before this court could address his pro hac vice status. Therefore, I order attorney Lambert to SHOW CAUSE as to why I should not revoke his pro hac vice status in light of these allegations of contraband smuggling. Lambert must file a written response to this show-cause order no later than November 18, 2024. Upon receipt, or lack thereof, of the response to the order to show cause, the Court may or may not set a future hearing. Failure to respond to this order will result in revocation of Lambert's pro hac vice application, and possibly the imposition of sanctions.

## Conclusion

IT IS THEREFORE ORDERED that Judge Albregt's order granting withdrawal **[ECF No. 100]** is reversed. Lambert's motion to withdraw **[ECF No. 98] is DENIED.**

IT IS FURTHER ORDERED that Lambert must **SHOW CAUSE** why this court should not revoke his pro hac vice status as a result of the investigations and allegations of contraband smuggling to Kontailai at the NSDC. Lambert's written response is due **no later than November 18, 2024**.

Dated: November 5, 2024

_____
Cristina D. Silva
United States District Judge